UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SAMUEL WALTON,

        Plaintiff,

  -against-

SAM DIBBLE,
MATTHEW KIMBALL and
MERLE WHEELER,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of Defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, Plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, Plaintiff was incarcerated at Five Points Correctional Facility (Five Points), in Romulus, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, Defendants were and are citizens of the State of New York.

4. That at all times herein mentioned, Defendant Sam Dibble (Dibble) was a sergeant employed at Five Points by DOCCS.

5. That at all times herein mentioned, Dibble was acting within the course and scope of his employment as a DOCCS sergeant.

6. That at all times herein mentioned, Dibble was acting under color of state law.

7. That at all times herein mentioned, Defendant Matthew Kimball (Kimball) was a correction officer employed at Five Points by DOCCS.

8. That at all times herein mentioned, Kimball was acting within the course and scope of his employment as a DOCCS correction officer.

9. That at all times herein mentioned, Kimball was acting under color of state law.

10. That at all times herein mentioned, Defendant Merle Wheeler (Wheeler) was a correction officer employed at Five Points by DOCCS.

11. That at all times herein mentioned, Wheeler was acting within the course and scope of his employment as a DOCCS correction officer.

12. That at all times herein mentioned, Wheeler was acting under color of state law.

13. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

14. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

15. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

16. That on April 30, 2021, inside Five Points, Dibble and Kimball, acting collectively and in concert with each other, brutally assaulted and battered Plaintiff by,

among other things, punching, kicking, and kneeing Plaintiff and slamming Plaintiff against the floor.

17. That the aforesaid actions of Dibble and Kimball were without any legal justification and not in furtherance of any legitimate penological interest.

18. That Dibble and Kimball each observed the aforesaid actions of his fellow DOCCS employee, had reasonable opportunities to intervene to prevent and/or stop those actions, but deliberately failed and refused to take any steps to do so.

19. That Wheeler also was present and observed the aforesaid actions of his fellow DOCCS employees, had reasonable opportunities to intervene to prevent and/or stop those actions, but deliberately failed and refused to take any steps to do so.

20. That the aforesaid actions and conduct of Dibble, Kimball, and Wheeler were intentional, sadistic, and malicious in nature, and not undertaken in a good-faith attempt to maintain or restore order.

21. That as a result of the aforesaid actions and conduct of Dibble, Kimball, and Wheeler, Plaintiff sustained multiple injuries, including but not limited to multiple rib fractures, endured and will continue to endure pain and suffering and loss of enjoyment of life, and was otherwise damaged.

## FIRST CAUSE OF ACTION
**(42 USC § 1983: Eighth Amendment)**

22. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

23. That the aforesaid actions and conduct by Defendants were in violation of the rights guaranteed to Plaintiff under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment.

24. That as a result thereof, Plaintiff is entitled to recover damages from Defendants pursuant to 42 USC § 1983.

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and Plaintiff also seeks attorney's fees against Defendants pursuant to 42 USC § 1988, and Plaintiff seeks interest, costs, and disbursements of this action.

Dated: New York, New York
April 24, 2024

s/ Edward Sivin
Edward Sivin
**Sivin, Miller & Roche LLP**
Attorneys for Plaintiff-Appellant
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
E-mail: esivin@sivinandmiller.com