UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAMUEL WALTON,

      Plaintiff,

v.

SAM DIBBLE, MATTHEW KIMBALL, AND MERLE WHEELER,

      Defendants.

**SCHEDULING ORDER**

24-CV-06242-EAW-MJP

---

**PURSUANT TO** the order of the Hon. Elizabeth A. Wolford referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan, (ECF No. 22), and the undersigned having held a conference with the parties on August 7, 2024, pursuant to Fed. R. Civ. P. 16, it is

**ORDERED** that

1. **Mandatory disclosures.** The deadline for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26 shall be **September 20, 2024**.

2. **Motions to amend.** The parties shall file any motions to amend the pleadings or to add or join any parties no later than **September 27, 2024**.

3. **Depositions**. The parties shall complete depositions by **January 31, 2025**.

4. **Close of fact discovery.** The parties shall complete all fact discovery by **February 28, 2025**.

5. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **April 30, 2025**. Defendant shall identify any expert witnesses and serve any expert reports no later than **May 30, 2025**. All expert discovery shall be completed by **June 27, 2025**.

6. **Motions to compel.** The parties shall file any motions to compel discovery no later than **March 7, 2025**.

7. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **July 25, 2025**.

8. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

9. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

    a. When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

    b. **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

    c. **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

10. **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated: August 7, 2024
Rochester, NY

_____
MARK W. PEDERSEN
United States Magistrate Judge