UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMUEL WALTON,

                Plaintiff,                              **DECISION AND ORDER**

          v.                                      6:24-CV-06242 EAW MJP

SAM DIBBLE, MATTHEW KIMBALL, and
MERLE WHEELER,

                Defendants.
_____

## I. INTRODUCTION

Plaintiff Samuel Walton ("Walton") commenced this action on April 24, 2024, pursuant to 42 U.S.C. § 1983, alleging that while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Five Points Correctional Facility on April 30, 2021, he was assaulted by defendants Sam Dibble and Matthew Kimball, and defendant Merle Wheeler failed to protect against the alleged assault. (Dkt. 1). Pending before the Court is a motion for summary judgment filed by Defendants based on Plaintiff's alleged failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Dkt. 42). For the reasons set forth below, the Court finds that disputed issues of material fact prevent resolution of this issue based on the papers, and an evidentiary hearing must be conducted pursuant to *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011).

## II.  FACTUAL BACKGROUND

Walton, who is knowledgeable concerning the grievance process within DOCCS, filed a grievance concerning the alleged assault on June 8, 2021, under grievance no. FPT-0862-21.  (Dkt. 42-1 at ¶¶ 5-6; Dkt. 49-1 at ¶¶ 5-6).  The grievance was denied by the Inmate Grievance Committee ("IGRC") on July 1, 2021.  (*Id.*).  Defendants contend that Walton failed to perfect his appeal to the Superintendent because he failed to return the appeal paperwork with his signature.  (Dkt. 42-1 at ¶ 8).  Walton disputes Defendants' contentions, stating that he submitted a written appeal to the Superintendent and it was accepted and processed without a signature.  (Dkt. 49-1 at ¶ 7).  The parties further dispute Walton's efforts to follow up on his appeal to the Superintendent and any appeal to the Central Office Review Committee ("CORC").  (*See* Dkt. 42-1 at ¶¶ 11-12; Dkt. 49-1 at ¶¶ 11-12).

## III.  DISCUSSION

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

> To satisfy this requirement, prisoners in New York must ordinarily follow a three-step [DOCCS] grievance process.  The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee.  Next, the inmate may appeal an adverse decision to the prison superintendent.  Finally, the inmate may appeal the superintendent's decision to [CORC].  In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (citations omitted); *see also Tillman v. Phillips*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5233308, at *3 (N.D.N.Y. Nov. 10, 2021) ("Courts in [ ]this Circuit have long recognized [DOCCS' three-step] procedure as an 'available' remedy for purposes of the PLRA.") (quoting *Hall v. Cnty. of Saratoga*, No. 10-CV-1120 (NAM/CFH), 2013 WL 838284, at *1-2 (N.D.N.Y. Mar. 6, 2013)), *adopted*, No. 9:19-CV-1597 (LEK/CFH), 2021 WL 5768393 (N.D.N.Y. Dec. 6, 2021). "[T]he PLRA requires 'proper exhaustion,' which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Jones v. Bock*, 549 U.S. 199, 218 (2007). As such, "[t]he exhaustion inquiry . . . requires that [the court] look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009).

"Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) ("mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). "However, a prisoner need not specifically plead or demonstrate exhaustion in the complaint because failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a pleading requirement." *Rucker v. Giffen*, 997 F.3d 88, 92 (2d Cir. 2021) (citations and internal quotation marks omitted).

An exception from the exhaustion requirement exists only if the process is unavailable. As explained by the Court of Appeals for the Second Circuit:

> First, an administrative remedy may be unavailable when "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." Third, an administrative remedy may be unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Williams v. Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 578 U.S. at 643-44).

The Court has carefully reviewed the parties' submissions in this case and concludes that the issue of whether Walton exhausted his administrative remedies cannot be resolved on the papers. Thus, pursuant to *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011), an evidentiary hearing must be held. The matter is referred to United States Magistrate Judge Mark W. Pedersen pursuant to 28 U.S.C. § 636(b)(1)(B) for purposes of conducting the exhaustion hearing and issuing a report and recommendation concerning the same.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. 42) is denied without prejudice. The Court concludes that disputed issues of fact prevent resolution on the papers of the issue concerning Walton's exhaustion of remedies under the PLRA. Therefore, the Court refers the issue to Magistrate Judge Pedersen to conduct a hearing and issue a report and recommendation concerning the same, pursuant to 28 U.S.C. § 636(b)(1)(B).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	March 13, 2026
	Rochester, New York